Dear Mr. Stewart:
You ask this office if the provisions of Louisiana's Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., prohibit a member of the West Baton Rouge Parish school board from also holding the full-time position of executive assistant to the parish president of West Baton Rouge Parish.
The prohibition of law implicated by these facts is R.S. 42:63(D), which provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the
government of this state, or in the same political subdivision in which he holds an elective office. . . . .(Emphasis added).
R.S. 42:63(D) prohibits an elected official from holding full-time appointive office. R.S. 42:63(D) further prohibits an elected official from holding any employment, whether part-time or full-time, in thesame political subdivision in which he holds elective office. R.S.42:63(D) does not prohibit an elected official from holding employment in a separate political subdivision of the state.
Thus, the determinative issue here is whether the position of "executive assistant" is considered "appointive office" or "employment" as these terms are defined by the dual officeholding provisions. If the position is considered an appointive office, the position may be held only on a part-time basis, as an elected official may not hold full-time appointive office. In the alternative, while an elected official may not hold employment in the same political subdivision in *Page 2 
which he holds elected office, he is not prohibited from holding employment in a separate political subdivision.
"Appointive office" and "employment" are defined by R.S. 42:62(2) and (3) as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established of specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials or this state or a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
In order for the position of executive assistant to be considered an "appointive office", the position must be "specifically established . . . by the charter or ordinances" of the parish and be "filled by appointment or election by an elected or appointed public official or by a governmental body . . ." The fact that the parish president "appoints" his executive assistant is not sufficient to characterize the position as an appointive office for purposes of dual-officeholding. The appointment must be made in conjunction with a charter provision or ordinance specifically establishing the position.
Our review of the provisions of the West Baton Rouge Parish Home Rule Charter and Code of Ordinances indicates there is no provision specifically creating the position of executive assistant. For this reason, we conclude the parish president's executive assistant does not hold appointive office, but rather holds a position of employment with the parish.
Because an executive assistant holds employment with the parish, the last question to be resolved is whether this employment is held in a political subdivision separate from the elected office of school board member. That question is answered by R.S. 42:62(9), indicating that the school board and the parish are separate political subdivisions, as follows:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental *Page 3 
functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
It is the opinion of this office that the position of executive assistant to the parish president of West Baton Rouge Parish constitutes employment with the parish. R.S. 42:63(D) does not prohibit a member of the West Baton Rouge Parish school board from employment with the parish as executive assistant to the parish president, as the employment is held in a separate political subdivision from the school board.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg